FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY GERSTETTER, as parent and next friend of SAMANTHA GERSTETTER-MENZYK, a minor, and STACY GERSTETTER, individually,<br><br>        Plaintiffs,<br>v.<br><br>SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., a corporation d/b/a ST. JAMES HOSPITAL, & HEALTH CENTER, JOEY ROTTMAN, D.O. and EMMANUEL JAVATE, M.D.,<br><br>        Defendants. | **08 C 432**<br><br>Formerly Case No. 2007 L 008955<br>Circuit Court of Cook County, Illinois |

### NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:    Clerk of the Court                   Helper Broom
       Circuit Court of Cook County       150 North Wacker, Suite 3100
       Richard J. Daley Center, Room 801  Chicago, IL, 60606
       50 West Washington Street        Attorney for defendant Sisters of St. Francis
       Chicago, Illinois 60602                Health Services

       Robert D. Kreisman
       55 West Monroe Street, Suite 3720
       Chicago, IL 60603
       Attorney for plaintiff

The United States, by its attorney, Patrick J. Fitzgerald, U.S. Attorney for the Northern District of Illinois, hereby submits notice of the removal of this civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679, and the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233, and in support states as follows:

    1.   On August 24, 2007, plaintiff Stacy Gerstetter commenced this medical malpractice action against defendants. A copy of the state court complaint is attached as Exhibit A.

JUDGE BUCKLO
MAGISTRATE JUDGE SCHENKIER

2. For purposes of this lawsuit, defendant Joey Rottman, D.O., was a physician for Access Community Health Network (formerly known as Sinai Family Health Centers), a private entity that receives grant money from the Public Health Service pursuant to the FSHCAA, 42 U.S.C. § 233.

2. This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Joey Rottman, D.O., was acting within the scope of his employment as a federal government employee at the time of the incidents out of which the claim arose. A copy of the certification is attached as Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, this civil action is deemed an action against the United States and the United States is substituted as the sole federal party defendant in place of defendant Joey Rottman, D.O.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is removed therefrom to this court pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Joey Rottman, D.O.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ JACK DONATELLI
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4220
    jack.donatelli@usdoj.gov

# EXHIBIT A

F:\600-008\Pleadings\Complaint.doc82307.doc

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

STACY GERSTETTER, as parent and )
next friend of SAMANTHA )
GERSTETTER-MENZYK, a minor, and )
STACY GERSTETTER, individually, )
)
Plaintiffs, )
)
v. ) Case No.
)
SISTERS OF ST. FRANCIS HEALTH )
SERVICES, INC., a corporation d/b/a ) **PLAINTIFF DEMANDS**
ST. JAMES HOSPITAL & HEALTH ) **TRIAL BY JURY**
CENTERS, JOEY ROTTMAN, D.O., )
and EMMANUEL JAVATE, M.D., )
)
Defendants. )

## COMPLAINT AT LAW

### COUNT I

### JOEY ROTTMAN, D.O. - NEGLIGENCE

NOW COMES plaintiff, Samantha Gerstetter-Menzyk, a minor, by her mother and next friend, Stacy Gerstetter, by their attorney, Robert D. Kreisman of Kreisman Law Offices complains of the defendant, Joey Rottman, D.O. ("Rottman"), states as follows:

1. On or before January 24, 2004, and at all times material, Rottman was a physician licensed to practice medicine in all of its branches in the State of Illinois and was engaged in the practice of obstetrics and gynecology.

2. On and before January 24, 2004 through January 26, 2004, and at all times material, defendant Rottman was a member of the medical staff at Sisters of St.

Francis Health Services, Inc., a corporation, d/b/a St. James Hospital & Health Center ("St. James Hospital").

3. On or before January 24, 2004 through January 26, 2004, and all times material, defendant Rottman held himself out to the plaintiffs and to the public generally to be a specialist in obstetrics and gynecology.

4. On or before January 24, 2005 through January 26, 2004, and all times material, defendant Rottman provided medical care and treatment to Stacy Gerstetter and her unborn child, Samantha Gerstetter-Menzyk.

5. On January 24, 2004, Stacy Gerstetter gave birth to a female infant, Samantha Gerstetter-Menzyk.

6. On or before January 24, 2004, and at all times material, defendant Rottman had the duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified obstetricians would use in cases like the plaintiffs.

7. That defendant Rottman, while treating Stacy Gerstetter and Samantha Gerstetter-Menzyk breached the standard of care and was guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to appreciate the significance of a non-reassuring fetal heart rate pattern.

    (b)    Failed to appreciate the significance of the patient's abruptio placenta.

    (c)    Failed to appreciate the significance of decreased fetal heart tones.

    (d)    Failed to appreciate the significance of decreased fetal movements.

    (e)    Failed to anticipate an expedient delivery in the presence of a non-reassuring fetal heart rate patterns.

    (f)    Failed to effect an expedient cesarean delivery in the presence of a non-reassuring fetal heart rate pattern.

(g) Failed to appropriately manage the obstetrical course for Stacy Gerstetter who demonstrated symptoms of possible abruption of the placenta in prenatal examinations;

(h) Failed to order an immediate cesarean section procedure within 30 minutes after arrival at the hospital, when Stacy Gerstetter demonstrated symptoms of placental abruption.

(i) Failed to discuss with Stacy Gerstetter the need for an immediate cesarean section procedure and/or to advise of the possibility of placental abruption.

(j) Failed to appreciate the risk factors of delaying the delivery by cesarean section for three hours.

(k) Failed to offer an immediate cesarean section procedure to Stacy Gerstetter when they knew or reasonably should have known that she had suffered a placental abruption.

(l) Failed to recognize the contraindication in ordering an ultrasound when there was evidence of a hyper-contracted uterus, nonactivity of the unborn and decreased variability, all of which are signs consistent with placental abruption.

(m) Failed to appropriately and accurately counsel Stacy Gerstetter regarding her options for anesthesiology for the cesarean section procedure.

(n) Failed to order a general anesthesia for the cesarean section procedure, but instead delayed the procedure by ordering a spinal anesthesia.

8. That as a direct and proximate result of one of the foregoing careless and negligent acts and/or omissions on the part of the defendant, Rottman, Samantha Gerstetter-Menzyk, a minor, sustained serious birth injuries which required and will require in the future extensive medical consultation and treatments; expended and will expend in the future great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain, anguish and physical and mental suffering, all of which injuries are permanent in nature.

9. That pursuant to 735 ILCS-5/2-622, the plaintiff has attached an Attorney's Affidavit (see Exhibit 1) and the report of reviewing physician, Michael S. Cardwell, M.D. (see Exhibit 2).

WHEREFORE, the plaintiff, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, prays for the entry of a judgment against the defendant, Rottman, in a sum in excess of $100,000.00, plus costs.

## COUNT II

### JOEY ROTTMAN, D.O. – FAMILY EXPENSE ACT

NOW COMES plaintiffs, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, and Stacy Gerstetter, individually, by their attorney, Robert D. Kreisman of Kreisman Law Offices and as Count II of her Complaint at Law against defendant, Rottman, states as follows:

1-8. Plaintiffs restate, reallege and incorporate by reference, paragraphs 1 – 8 of Count I, including all subparagraphs as and for paragraphs 1 – 8 of this Count II.

9. The plaintiff, Stacy Gerstetter, is the natural mother and legal guardian of Samantha Gerstetter-Menzyk, a minor.

10. As a consequence of the permanent injuries and permanent disabilities suffered by Samantha Gerstetter-Menzyk, a minor, her mother, Stacy Gerstetter, has incurred and in the future will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking and other medical and family expenses of the minor plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

11. That pursuant to 735 ILCS-5/2-622, the plaintiff has attached an Attorney's Affidavit (see Exhibit 1) and the report of reviewing physician, Michael S. Cardwell, M.D. (see Exhibit 2).

WHEREFORE, the plaintiff, Stacy Gerstetter, individually, demands judgment against the defendant, Rottman, in a sum in excess of $100,000.00, plus costs.

## COUNT III

## EMMANUEL JAVATE, M.D. - NEGLIGENCE

NOW COMES plaintiffs, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, and Stacy Gerstetter, individually, by their attorney, Robert D. Kreisman of Kreisman Law Offices and as Count III of her Complaint at Law against defendant, Emmanuel Javate, M.D. ("Javate"), states as follows:

1. On or before January 24, 2004, and at all times material, Javate was a physician licensed to practice medicine in all of its branches in the State of Illinois and was engaged in the practice of obstetrics and gynecology.

2. On and before January 24, 2004 through January 26, 2004, and at all times material, defendant Javate was a member of the medical staff at Sisters of St. Francis Health Services, Inc., a corporation, d/b/a St. James Hospital & Health Center ("St. James Hospital").

3. On or before January 24, 2004 through January 26, 2004, and all times material, defendant Javate held himself out to the plaintiffs and to the public generally to be a specialist in obstetrics and gynecology.

4. On or before January 24, 2005 through January 26, 2004, and all times material, defendant Javate provided medical care and treatment to Stacy Gerstetter and her unborn child, Samantha Gerstetter-Menzyk.

5. On January 24, 2004, Stacy Gerstetter gave birth to a female infant, Samantha Gerstetter-Menzyk.

6. On or before January 24, 2004, and at all times material, defendant Javate had the duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified obstetricians would use in cases like the plaintiffs.

7. That defendant Javate, while treating Stacy Gerstetter and Samantha Gerstetter-Menzyk breached the standard of care and was guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Failed to appreciate the significance of a non-reassuring fetal heart rate pattern.

    (b) Failed to appreciate the significance of the patient's abruptio placenta.

    (c) Failed to appreciate the significance of decreased fetal heart tones.

    (d) Failed to appreciate the significance of decreased fetal movements.

    (e) Failed to anticipate an expedient delivery in the presence of a non-reassuring fetal heart rate patterns.

    (f) Failed to effect an expedient cesarean delivery in the presence of a non-reassuring fetal heart rate pattern.

    (g) Failed to appropriately manage the obstetrical course for Stacy Gerstetter who demonstrated symptoms of possible abruption of the placenta in prenatal examinations;

    (h) Failed to order an immediate cesarean section procedure within 30 minutes after arrival at the hospital, when Stacy Gerstetter demonstrated symptoms of placental abruption.

(i)   Failed to discuss with Stacy Gerstetter the need for an immediate cesarean section procedure and/or to advise of the possibility of placental abruption.

(j)   Failed to appreciate the risk factors of delaying the delivery by cesarean section for three hours.

(k)   Failed to offer an immediate cesarean section procedure to Stacy Gerstetter when they knew or reasonably should have known that she had suffered a placental abruption.

(l)   Failed to recognize the contraindication in ordering an ultrasound when there was evidence of a hyper-contracted uterus, nonactivity of the unborn and decreased variability, all of which are signs consistent with placental abruption.

(m)   Failed to appropriately and accurately counsel Stacy Gerstetter regarding her options for anesthesiology for the cesarean section procedure.

(n)   Failed to order a general anesthesia for the cesarean section procedure, but instead delayed the procedure by ordering a spinal anesthesia.

8.   That as a direct and proximate result of one of the foregoing careless and negligent acts and/or omissions on the part of the defendant, Javate, Samantha Gerstetter-Menzyk, a minor, sustained serious birth injuries which required and will require in the future extensive medical consultation and treatments; expended and will expend in the future great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain, anguish and physical and mental suffering, all of which injuries are permanent in nature.

9.   That pursuant to 735 ILCS-5/2-622, the plaintiff has attached an Attorney's Affidavit (see Exhibit 1) and the report of reviewing physician, Michael S. Cardwell, M.D. (see Exhibit 2).

WHEREFORE, the plaintiff, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, prays for the entry of a judgment against the defendant, Javate, in a sum in excess of $100,000.00, plus costs.

## COUNT IV

## EMMANUEL JAVATE, M.D. – FAMILY EXPENSE ACT

NOW COMES plaintiffs, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, and Stacy Gerstetter, individually, by their attorney, Robert D. Kreisman of Kreisman Law Offices and as Count IV of her Complaint at Law against defendant, Emmanuel Javate, M.D. , states as follows:

1-8.   Plaintiffs restate, reallege and incorporate by reference, paragraphs 1 – 8 of Count III, including all subparagraphs as and for paragraphs 1 – 8 of this Count IV.

9.   The plaintiff, Stacy Gerstetter, is the natural mother and legal guardian of Samantha Gerstetter-Menzyk, a minor.

10.   As a consequence of the permanent injuries and permanent disabilities suffered by Samantha Gerstetter-Menzyk, a minor, her mother, Stacy Gerstetter, has incurred and in the future will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking and other medical and family expenses of the minor plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

11.   That pursuant to 735 ILCS-5/2-622, the plaintiff has attached an Attorney's Affidavit (see Exhibit 1) and the report of reviewing physician, Michael S. Cardwell, M.D. (see Exhibit 2).

WHEREFORE, the plaintiff, Stacy Gerstetter, individually, demands judgment against the defendant, Emmanuel Javate, M.D., in a sum in excess of $100,000.00, plus costs.

## COUNT V

### SISTERS OF ST. FRANCIS HEALTH SERVICES, INC. A CORPORATION d/b/a ST. JAMES HOSPITAL & HEALTH CENTERS – NEGLIGENCE

NOW COMES plaintiffs, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, and Stacy Gerstetter, individually, by their attorney, Robert D. Kreisman of Kreisman Law Offices and as Count V of her Complaint at Law against defendant, Sisters of St. Francis Health Services, Inc., a corporation, St. James Hospital & Health Centers (hereinafter "St. James Hospital"), states as follows:

1. On or before January 24, 2004, and at all times material, the defendant St. James Hospital was a hospital corporation organized and existing pursuant to the laws of the State of Illinois, and it employed physicians, nurses, technicians and other health care professionals comprising a single organized hospital and medical staff within its hospital facility located in Cook County, Illinois.

2. On and before January 24, 2004, the defendants, Rottman and Javate, were physicians licensed to practice medicine in the State of Illinois who held themselves out to members of the public as having specialized training and experience in the medical specialties of obstetrics and gynecology.

3. On, before and after January 24, 2004, the defendants, Rottman and Javate, in connection with the care and treatment provided to plaintiffs, Samantha Gerstetter-Menzyk, a minor and Stacy Gerstetter, acted as the actual agents and employees of defendant, St. James Hospital.

4. On, before and after January 24, 2004, the defendants, Rottman and Javate, in connection with the care and treatment provided to the plaintiffs, Samantha Gerstetter-Menzyk, a minor and Stacy Gerstetter, acted as the apparent agents of defendant, St. James Hospital.

5. On, before and after January 24, 2004, the defendant, St. James Hospital, employed nurses who, in connection with the care and treatment provided to plaintiff, Samantha Gerstetter-Menzyk, a minor and Stacy Gerstetter, acted as the agents of the defendant, St. James Hospital.

6. On January 24, 2004, plaintiff, Stacy Gerstetter presented to St. James Hospital with symptoms of an abruptio placenta (placental abruption).

7. On or before January 24, 2004, and at all times material, St. James Hospital accepted the plaintiff, Stacy Gerstetter, as its patient and provided medical care and treatment to Stacy Gerstetter and her unborn child, Samantha Gerstetter-Menzyk.

8. On January 24, 2004, Stacy Gerstetter gave birth to a female infant, Samantha Gerstetter-Menzyk.

9. That on or prior to January 24, 2004 and at all times material, there existed a duty on the part of the defendant, St. James Hospital, to possess and apply the skill and knowledge of a reasonably well qualified hospital, including its agents and employees, physicians and nurses and to treat its patient, Stacy Gerstetter, in a matter which equaled or exceeded the applicable standard of care.

10. That disregarding its duties, the defendant, St. James Hospital, through its actual and apparent agents and employees, was then and there guilty of one or more of the following careless acts and/or omissions:

(a) Failed to appreciate the significance of a non-reassuring fetal heart rate pattern.

(b) Failed to appreciate the significance of the patient's abruptio placenta.

(c) Failed to appreciate the significance of decreased fetal heart tones.

(d) Failed to appreciate the significance of decreased fetal movements.

(e) Failed to anticipate an expedient delivery in the presence of a non-reassuring fetal heart rate patterns.

(f) Failed to effect an expedient cesarean delivery in the presence of a non-reassuring fetal heart rate pattern.

(g) Failed to appropriately manage the obstetrical course for Stacy Gerstetter who demonstrated symptoms of possible abruption of the placenta in prenatal examinations;

(h) Failed to order an immediate cesarean section procedure within 30 minutes after she arrived at the hospital, when Stacy Gerstetter demonstrated symptoms of placental abruption.

(i) Failed to discuss with Stacy Gerstetter the need for an immediate cesarean section procedure and/or to advise of the possibility of placental abruption.

(j) Failed to appreciate the risk factors of delaying the delivery by cesarean section for three hours.

(k) Failed to offer an immediate cesarean section procedure to Stacy Gerstetter when they knew or reasonably should have known that she had suffered a placental abruption.

(l) Failed to recognize the contraindication in ordering an ultrasound when there was evidence of a hyper-contracted uterus, nonactivity of the unborn and decreased variability, all of which are signs consistent with placental abruption.

(m) Failed to appropriately and accurately counsel Samantha Gerstetter regarding her options for anesthesiology for the cesarean section procedure.

(n)   Failed to order a general anesthesia for the cesarean section procedure, but instead delayed the procedure by ordering a spinal anesthesia.

14.   That as a direct and proximate result of one of the foregoing careless and negligent acts and/or omissions on the part of the defendant, St. James Hospital, by and through its agents and employees, Samantha Gerstetter-Menzyk, a minor, sustained serious birth injuries which required and will require in the future extensive medical consultation and treatments; expended and will expend in the future great sums of money in an attempt to be cured; suffered and will continue to suffer from disability and disfigurement; and experienced and will continue to experience great pain, anguish and physical and mental suffering, all of which injuries are permanent in nature.

15.   That pursuant to 735 ILCS-5/2-622, the plaintiff has attached an Attorney's Affidavit (see Exhibit 1) and the report of reviewing physician, Michael S. Cardwell, M.D. (see Exhibit 2).

WHEREFORE, the plaintiff, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, prays for the entry of a judgment against the defendant, Sisters of St. Francis Health Services, Inc., a corporation, St. James Hospital & Health Centers, in a sum in excess of $100,000.00, plus costs.

## COUNT VI

### SISTERS OF ST. FRANCIS HEALTH SERVICES, INC. A CORPORATION d/b/a ST. JAMES HOSPITAL & HEALTH CENTERS – FAMILY EXPENSE ACT

NOW COMES plaintiffs, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor, and Stacy Gerstetter, individually, by their attorney, Robert D. Kreisman of Kreisman Law Offices and as Count VI of her Complaint at Law against defendant, St. James Hospital, states as follows:

1-15. Plaintiffs restate, reallege and incorporate by reference, paragraphs 1 – 8 of Count V, including all subparagraphs as and for paragraphs 1 – 8 of this Count VI.

16. The plaintiff, Stacy Gerstetter, is the natural mother and legal guardian of Samantha Gerstetter-Menzyk, a minor.

17. As a consequence of the permanent injuries and permanent disabilities suffered by Samantha Gerstetter-Menzyk, a minor, her mother has incurred and in the future will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking and other medical and family expenses of the minor plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

18. That pursuant to 735 ILCS-5/2-622, the plaintiff has attached an Attorney's Affidavit (see Exhibit 1) and the report of reviewing physician, Michael S. Cardwell, M.D. (see Exhibit 2).

WHEREFORE, the plaintiff, Stacy Gerstetter, individually, demands judgment against the defendant, Sisters of St. Francis Health Services, Inc., a corporation, St. James Hospital & Health Centers, in a sum in excess of $100,000.00, plus costs.

Respectfully submitted,

Robert D. Kreisman, one of the attorneys for the Plaintiff, Stacy Gerstetter, as parent and next friend of Samantha Gerstetter-Menzyk, a minor

KREISMAN LAW OFFICES
55 W. Monroe St., Suite 3720
Chicago, IL 60603
312-346-0045
Attorney No. 12926

14

# EXHIBIT B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the first amended complaint in *Stacy Gerstetter, as parrent and next friend of Samantha Gerstetter-Menzyk, et al. v. Sisters of St. Francis Health Services, Inc., et al.*, No. 2007 L 008955 (Circuit Court of Cook County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendant Joey Rottman, D.O., was acting within the scope of his employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, Joey Rottman, D.O., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*[signature: Thomas Walsh]*
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: December 26, 2007