CCR/OGC/ks/jl                                                                  55176.05

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| STACY GERSTETTER, as parent and Next friend of SAMANTHA GERSTETTER-MENZYK, a minor, and STACY GERSTETTER, individually, <br>           Plaintiffs, <br> v. <br> SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., a corporation d/b/a ST. JAMES HOSPITAL & HEALTH CENTERS, JOEY ROTTMAN, D.O., and EMMANUEL JAVATE, M.D., <br>           Defendants, | Court No.: 08 C 432 |

## ANSWER TO PLAINTIFF'S INTERROGATORIES

NOW COMES Defendant, SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., d/b/a ST. JAMES HOSPITAL & HEALTH CENTERS by and through its attorneys, HEPLER, BROOM, MACDONALD, HEBRANK, TRUE & NOCE, LLC, and for its Answer to Plaintiff's Interrogatories states as follows:

1. State the full name and address of the person answering and, if different, the full name and address of the individual signing the answers.

    **ANSWER:** Clarke Corcoran, Director of Risk Management
                         St. James Hospital and Health Centers
                         1423 Chicago Road
                         Chicago, IL 60411

2. Do you know of any statements made by any person relating to the care and treatment of the Plaintiff or the damages alleged in the Complaint? If so, give the name and address of each such witness and the date of the statement, and state whether such statement was written or oral and if written the present location of each such statement.

**ANSWER:** None other than those which are contained in the Plaintiffs' medical records that may be construed as such.

3. Has St. James Hospital been named as a Defendant in a lawsuit arising from alleged malpractice or professional negligence during the 8-year period preceding the filing of this lawsuit? If so, state the court, the caption and the case number for such lawsuit(s).

**ANSWER:** Objection. Interrogatory 3 calls for irrelevant information which is not calculated to lead to admissible evidence. This Interrogatory is overly broad. Without waiving said objection, St. James has been named as a Defendant in the preceding 8 years. Such information is publicly available through a search of the Cook County Court docket system.

4. State whether St. James Hospital was named or covered under any policy or policies of medical liability insurance at the time of the care or treatment alleged in the Complaint? If so, state for each policy:

   a. The name of the insurance company;
   b. The policy number;
   c. The effective policy period;
   d. The maximum liability limits for each person and each occurrence, including the umbrella and excess liability coverage; and
   e. The insured(s) under each policy.

**ANSWER:**

   a. Hills Insurance Company

   b. HLL-1025-04-IL

   c. 1/1/04-1/1/05

   d. $10 million per occurrence; $30 million aggregate

   e. St. James Hospital and Health Centers

5. State whether any hearing was held regarding the care and treatment of the Plaintiff alleged in the Complaint.

**ANSWER:** Objection, Interrogatory 5 calls for information protected by the Medical Studies Act. Without waiving said objection, no.

6. State the name, author, publisher, title, date of publication and specific provision of all medical texts, books, journals or other medical literature which you or your attorney intend to use as authority or reference in defending any of the allegations set forth in the Complaint.

**ANSWER:** To be provided in accordance with case management schedule.

7. Identify each and every rule, regulation, by-law or other document of any hospital, association, licensing authority, accrediting authority or other private body which you, or your attorneys, may use at trial in defense of the allegations contained in the Complaint.

**ANSWER:** Objection. Overly broad and unduly burdensome. Without waiving said objection, the Defendant reserves the right to disclose such information during discovery, and pursuant to case management schedules.

8. State whether there were any policies, procedures, guidelines, rules, or protocols in effect at St. James Hospital at the time of the care and/or treatment of the Plaintiff alleged in the Complaint. If so, state:

    a. Whether such policies, procedures, opinions, rules or protocols are published and by whom;

    b. The effective date of said policies, procedures, guidelines, rules or protocols;

    c. Which medical professionals are bound by said policies, procedures, guidelines, rules or protocols;

    d.    Who is the administrator of any such policies, procedures, guidelines, rules or protocols;

    e.    Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:** Objection. Overly broad and unduly burdensome to the types of procedures covered by the policies, procedures, guidelines, rules and/or protocols. There was in effect a patient care services policy manual for labor and delivery. An index from that policy and procedure is attached, viewed upon request, hospital will produce requested policies within a reasonable time, if such requests are relevant in material.

9.    State for each person who directly or indirectly was involved in the care or treatment of the Plaintiff alleged in the Complaint;

    a.    That person's full name and current residence address;

    b.    The name and current address of that person's employer;

    c.    The employment relationship of that person with St. James Hospital.

    d.    The date(s) of such person's care or treatment, including a description of the care or treatment.

    e.    The name and current address of any other individual present when the care and treatment was rendered.

**ANSWER:** The Plaintiff's medical records contains reference to all individuals who were involved in the care and treatment of mother and baby. The labor and delivery room nurses were Lori Schwartz, R.N., Gail Schafroth, R.N. and Raquel Lewis, R.N. The obstetricians were Joey Rottman, D.O. and Emmanuel Javate, M.D. The ultra-sound physician was Gabrielle Bosley-Berry, M.D. The minor Plaintiff was cared for by nurses

and doctors including Elisa Scott, M.D., Moon Kim, M.D., Sharon Hering, R.N., Kathleen Jenkins, R.N. and Cheryl Dockins, R.N.

All nurses can be contacted through counsel from St. James Hospital and Health Centers.

10. Were any photographs, movies and/or videotapes taken of the Plaintiff or of the procedures complained of? If so, state the date(s) on which such photographs, movies and/or videotapes were taken, who is displayed therein, who now has custody of them, and the name, occupation and employer of the person taking them.

**ANSWER:** Unknown at this time other than what is contained in the Plaintiffs' medical records. Defendant did not take photographs, movies or videotapes of the minor Plaintiff, or of the mother.

11. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the care and treatment alleged in the complaint was provided, or have you overheard any statement made by any persons at any time with regard to the injuries complained of by the Plaintiff or the manner in which the care and treatment alleged in the complaint was provided? If so, state:

    a. The date of dates of such conversation(s) and/or statement(s);

    b. The place of such conversation(s) and/or statement(s);

    c. All persons present for the conversation(s) and/or statement(s);

    d. The matters and things stated by the person in the conversation(s) and/or statement(s);

    e. Whether the conversation(s) was oral, written and/or recorded; and

    f. Who has possession of the statement(s) if written and/or recorded?

**ANSWER:**   None other than what is contained in the Plaintiffs' medical records which may be construed as such.

12. Do you have any information:

   a. That any Plaintiff was, within the 10 years immediately prior to the care and treatment alleged in the complaint, confined in a hospital and/or clinic, treated by a physician and/or other health professional, or x-rayed for any reason other than person injury? If so, state the name of each Plaintiff so involved, the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate date of such confinement or service and state the reason for such confinement or service.
   b. That any Plaintiff has suffered any serious personal injury and/or illness within 10 years prior to the date of the occurrence? If so, state the name of each Plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.
   c. That any Plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state the name of each Plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.
   d. That any other suit has been filed for any Plaintiff's personal injuries? If so, state the name of each Plaintiff involved, the nature of the injuries claimed, the court(s), and caption(s) in which filed, the year(s) filed, and the title(s) and docket number(s) of the suit(s).

**ANSWER:**   Unknown at this time other than what is contained in Plaintiffs' medical records which may be construed as such.

13. Please what, if any, affiliation St. James Hospital has with Access Community Health Network.

**ANSWER:**   St. James Hospital and Health Centers and Access Community Health Network entered into an agreement to work together and to develop an expanded, integrated, safety net provider network to serve a growing area of need radiating through

6

out the south suburban region of Cook County, Illinois and to deliver services as prescribed through the HCAP grant proposal.

14. Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and state the subject of each witnesses' testimony.

**ANSWER:** To be provided in accordance with case management schedule.

15. Pursuant to Supreme Court Rule 213(g), provide the name and address of each opinion witness who will offer testimony and state:

   a. The subject matter on which each opinion witness is expected to testify;

   b. The conclusions and/or opinions of each opinion witness and the basis therefore, including whether reports have been prepared by each such witness and, if so, attach copies of the reports, if any;

   c. The qualifications of each opinion witness, including a curriculum vitae and/or resume and attach copies, if any;

   d. Whether or not the opinion witness has been retained by you to testify at trial.

**ANSWER:** To be provided in accordance with case management schedule.

16. Have you retained any expert(s), other than as a "consultant" as that term is defined in Supreme Court Rule 201(b)(3), to testify on your behalf at trial or to assist you in any other way. If so, for each retained expert, state:

   a. The expert's area(s) of expertise;

   b. The expert's qualifications, including a curriculum vitae and/or resume, if any; and

   c. The conclusions and/or opinions and bases therefore, including whether written reports have been prepared by the expert(s) and, if so, attach copies of the reports, if any.

**ANSWER:** To be provided in accordance with case management schedule.

17. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim as required by Illinois Supreme Court Rule 201(n).

**ANSWER:** None.

18. List the names and addresses of all persons (other than yourself and persons therefore listed) who have knowledge of the facts of the care and treatment complained of in the complaint filed herein and/or of the injuries claimed to have resulted therefrom.

**ANSWER:** See Plaintiffs' chart from St. James Hospital and Health Centers, and answers to interrogatory 9 above.

19. For each expert witness, please state, by case name, court number and county of filing, all cases in which the expert has given testimony within the past five years and all cases in which the expert has given trial testimony within the past five years.

**ANSWER:** To be provided in accordance with case management schedule.

20. Please list every document, whether medical record, radiologic studies, deposition transcript or article or text, or any document or item of any nature or kind, in conjunction with the formation of the expert's opinions in this case.

**ANSWER:** To be provided in accordance with case management schedule.

STATE OF ILLINOIS  )
                            ) SS
COUNTY OF COOK  )

## AFFIDAVIT
## OF VERIFICATION AND COMPLIANCE WITH SUPREME COURT RULES

Under penalties of perjury as provided by Law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109) and the Supreme Court Rules, the undersigned certifies that the statements set forth in this instrument answers are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

I, the undersigned, do hereby swear that the above answers are true and correct.

_____
Clarke Corcoran

3-20-08
DATE

SUBSCRIBED and SWORN to before me this

20 day of March, 2008.

_____
Notary Public

OFFICIAL SEAL
JUDITH FISHBAUGH
Notary Public - State of Illinois
My Commission Expires Jul 23, 2011

My Commission expires: 7/23/2011

HEPLER BROOM MACDONALD HEBRANK TRUE & NOCE, LLC
Attorneys for Defendant
St. James Hospital and Health Center
150 North Wacker Drive - Suite 3100
Chicago, Illinois 60606
Telephone: (312) 230-9100