UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY GERSTETTER, as parent and next friend of SAMANTHA GERSTETTER-MENZYK, a minor, and STACY GERSTETTER, individually,<br><br>          Plaintiffs,<br>   v.<br><br>SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., a corporation d/b/a ST. JAMES HOSPITAL & HEALTH CENTERS, and the UNITED STATES of AMERICA,<br><br>          Defendants. | No.   08 C 00432<br><br>Judge Bucklo |

## UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### Background

This is a medical malpractice raising allegations that an infant was injured during childbirth because medical providers failed to perform a timely caesarean section. The action was originally filed in state court against St. James Hospital and two physicians, Dr. Rottman and Dr. Javate. The United States removed that action to federal court inasmuch as the physicians are "deemed" federal employees by virtue of their employment with a community health care clinic that receives federal grant money, and the United States must be substituted as defendant in their place. The complaint must now be dismissed for failure to exhaust administrative remedies.

### Argument

This action must be dismissed for lack of subject matter jurisdiction because plaintiffs have not exhausted administrative remedies. Federal Rule of Civil Procedure 12(b)(1) is the appropriate vehicle for dismissal inasmuch as exhaustion of administrative remedies is a jurisdictional

prerequisite to an FTCA suit. *McNeil v. United States*, 508 U.S. 106, 113 (1993). In determining the existence of subject matter jurisdiction, a district court may look beyond the pleadings and consider all competent evidence. *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989) (Rule 12(b)(1) motion may be supported by whatever documents might be necessary to resolve the jurisdictional problem).

Federal employees have absolute immunity, under the Westfall Act, from tort claims arising out of acts undertaken in the course of their official duties. 28 U.S.C. § 2679(b)(1); *Alexander v. Mt. Sinai Hospital Medical Center*, 484 F.3d 889, 891 (7th Cir. 2007). Once the Attorney General issues a certification that the federal employee acted within the scope of his employment at the time of the acts in question, the case must be removed to federal court, the employee dismissed from the action and the United States substituted as the defendant in place of the employee. 28 U.S.C. § 2679(d)(1), (2); *Alexander*, 484 F.3d at 891. Thereafter, the lawsuit is against the United States and governed by the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2671, *et seq*; *Alexander*, 484 F.3d at 891.

Physicians who are employed by a federally funded health center may be "deemed" by the U.S. Department of Health and Human Services to be a federal employee, pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA). 42 U.S.C. § 233(h); *Alexander*, 484 F.3d at 891. In such cases, the FSHCAA follows the same procedures as the Westfall Act: once the "deemed" physician has been certified as acting within the scope of his employment duties, the case must be removed to federal court, the physician dismissed from the action and the United States substituted as the defendant in place of the physician. 42 U.S.C. § 233(c), (g); *Alexander*, 484 F.3d at 891. Thereafter, the FTCA provides the exclusive remedy for the physician's negligence. *Alexander*, 484 F.3d at 891. By way of these provisions, the United States in effect insures qualifying public health physicians by standing in their place financially when they are sued in

connection with the performance of their medical duties. 42 U.S.C. § 233(a); *see Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000); *Robles v. Beaufort Memorial Hospital*, 482 F. Supp. 2d 700, 703 (D. S.C. 2007).

At all times relevant to the complaint, Joey Rottman, D.O. and Emanuel Javate, M.D. were employees of Access Community Health Network, a private entity that receives grant money from the Public Health Service pursuant to the FSHCAA, 42 U.S.C. § 233. U.S. Exhibit A. Access Community Health Network has been deemed eligible for FTCA malpractice coverage without interruption since July 1997. U.S. Exhibit A. Because Dr. Rottman and Dr. Javate are deemed federal employees acting within the scope of their employment, the United States must be substituted as defendant in their place. U.S. Exhibit B.

Under the FTCA, a tort claim is forever barred unless it is first presented to the appropriate federal agency. 28 U.S.C. §§ 2401(b), 2675(a). This requirement is jurisdictional and cannot be waived. *McNeil v. United States*, 508 U.S. 106, 110 (1993). But plaintiffs have not filed an administrative claim with HHS in this case. U.S. Ex. A. Therefore, there is no jurisdiction.

## Conclusion

For these reasons, the United States asks this court to dismiss the complaint as to the United States for failure to exhaust administrative remedies.

                                             Respectfully submitted,

                                             PATRICK J. FITZGERALD
                                             United States Attorney

                                             By: s/ Jack Donatelli
                                                 JACK DONATELLI
                                                 Assistant United States Attorney
                                                 219 South Dearborn Street
                                                 Chicago, Illinois 60604
                                                 (312) 353-4220
Dated: April 11, 2008                        jack.donatelli@usdoj.gov