# U.S. Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Stacy Gerstetter, a parent and next friend of Samantha Gerstetter-Menzyk, a minor and Stacy Gerstetter, individually,<br><br>Plaintiffs,<br><br>v.<br><br>Sisters of St. Francis Health Services, Inc., a corporation d/b/a St. James Hospital & Health Centers, Joey Rottman, D.O., and Emanuel Javate, M.D.,<br><br>Defendants. | Case No. |

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Access Community Health Network, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

-2-

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Stacy Gerstetter, individually, or on behalf of her minor daughter, Samantha Gerstetter-Menzyk, or their authorized representative relating to the health center, Dr. Joey Rottman or Dr. Emanuel Javate.

5. I have also reviewed official agency records and determined that Access Community Health Network was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1997, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Access Community Health Network, is attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Dr. Joey Rottman and Dr. Emanuel Javate were employees of Access Community Health Network at all times relevant to the Plaintiffs' claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 8th day of April, 2008.

_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services



BUREAU OF PRIMARY HEALTH CARE

Health Resources and
Services Administration
Bethesda MD 20814

JUL 25 2002

Mr. C. Michael Savage
Executive Director
Access Community Health Network
1501 South California Avenue
Chicago, Illinois 60608

Reference:  Malpractice Liability Coverage

The Bureau of Primary Health Care, in accordance with section 224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73), deemed the Sinai Family Health Centers to be an employee of the Federal Government, effective July 1, 1997, for the purposes of malpractice liability protection under the Federal Tort Claims Act (FTCA).

Although the above referenced entity has undergone a legal name change to the "Access Community Health Network," the requirements and protection pursuant to section 224 remain in effect under the new corporate name.

If there are any questions, please contact Shirley Henley, FTCA Coordinator, Health Resources and Services Administration Chicago Field Office, at (312) 353-1658.

Sincerely yours,

William D. Hobson
Acting Associate Administrator
for Primary Health Care

Exhibit 1

# U.S. Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Stacy Gerstetter, etc., et al., v. Sisters of St. Francis Health Services, etc., et al.*, No. 08 C 432 (N.D. Ill.) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendant Emmanuel Javate, M.D., was acting within the scope of his employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, Emmanuel Javate, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*Thomas Walsh*
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: April 9, 2008

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the first amended complaint in *Stacy Gerstetter, as parrent and next friend of Samantha Gerstetter-Menzyk, et al. v. Sisters of St. Francis Health Services, Inc., et al.*, No. 2007 L 008955 (Circuit Court of Cook County, Illinois) and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that defendant Joey Rottman, D.O., was acting within the scope of his employment with Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of this case, Joey Rottman, D.O., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*Thomas Walsh*
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: December 26, 2007